The opinion of the Court was delivered at November term 1823, by
Parker C. J.
We cannot hesitate to pronounce the con tract offered in the case by the plaintiff, by which he was to receive ten per cent, for his trouble and services, upon what ever sum should be recovered in the suit pending in New York, to be unlawful. It comes within the description of champerty, as contained in the statute of Westm. 1, in every other respect than that of its being committed by some officer of the king $ but it is said by the writers on criminal law to have been an offence at common law, and that the statute only added to the pain or penalty. Viner, Maintenance, D ; 1 Hawk. P. C. c. 84, and c. 83, § 38. Hawkins says champerty is “ the unlawful maintenance of a suit in consideration of some bargain to have part of the thing in dispute, or some profit out of it;"[1] and again, “ All maintenance is strictly prohibited by the common law, as having a manifest tendency to oppression, by encouraging and assisting persons to persist in suits, which perhaps they would not venture to go in upon their owm bottoms.” In Coke’s commentary upon the statute of Westminster, 2 Inst. 208, it is also said to be an offence at common law, and he cites Bracton and Fleta to support his position.' And he holds it to be malum in se, for the statute was enacted against the king’s officers, and they were to be punished at the pleasure of the king by his justices, because they had greater opportunity to do mischief. Russell, the latest writer on crim¡nal law, also states maintenance, of which champerty is a branch, to be an offence at common law.
Probably the practice of encouraging others in lawsuits, by *424 advancing the expense and taking the compensation from the proceeds, was formerly more frequent and more mischievous than in modern times ; and it might be questionable, whether any legislature now would punish as a crime a bargain of the kind which was made in this case ; for it sometimes may be useful and convenient, where one has a just demand which he is unable from poverty to enforce, that a more fortunate friend should assist him, and wait for his compensation until the suit is determined, and be paid out of the fruits of it. But finding the law to be as stated, we are bound to declare a contract made in violation of it illegal and void.
It has been suggested, that as the contract was made in reference to a suit pending in New York, it is no breach of the laws of this State, for. it may be that a similar contract would be good by the laws of New York, we having no evidence that there is any law of that State against champerty, or that such a contract as this would constitute that offence. Bu if maintenance or champerty is malum in se, and an offence at common law, it is to be presumed, without any statute, that the same law is in force there ; and, indeed, we find upon examination, that the common law upon this subject has been reenacted there, instead of being repealed. See the case of Wickham v. Conklin, 8 Johns. Rep. 220. It certainly would be a violation of the comity due to a sister State, to uphold a contract, which would be void here, merely because the mischief contemplated was to be executed there. As well might an action be maintained upon a promise, the consideration of which was the commission of an assault and battery in New York.[1]
*425 But though the contract offered in evidence is void, we do not think it can deprive the plaintiff of his just compensation for services performed before it was executed. If it is void for one party, it must be for the other also, and it would be altogether- unjust, that the defendant, insisting upon its illegality, should set it up in discharge of a debt honestly due. The plaintiff, therefore, must have judgment on that finding of the jury, which fixes the amount due for services before the written contract was made.

 See Stanly v. Jones, 5 Moore & Payne, 193; S. C.7 Bing. 369.

 Where the plaintiff’s cause of action in assumpsit arose in Scotland, Lord Eldon held, that the defendant was bound to prove that the defence of infancy set up by him was available by the laws of Scotland. Male v. Roberts, 3 Esp. R. 163; Thompson v. Ketcham, 8 Johns. R. 189. But in Legg v. Legg, 8 Mass. R 99, on a question, whether a wife was entitled to the proceeds of her choses in action, which were received by her husband after a divorce a vinculo, the Court said, “ We must presume the laws of Vermont to be similar tc ours on this subject, unless the contrary is regularly shown.” See also Harper v. Hampton, 1 Harris & J. 687; Middlebury College v. Cheney, 1 Vermont R. 336; Boggs v. Reed, 5 Martin’s Louisiana R. 678. If a party claims under the laws of another State, and fails to prove them, the case must be decided according to the laws of the State in which the action is brought. Bray v Cumming, 17 Marlin’s Louisiana R. 252.